### FORD et al. v. ERDE et al.

(Supreme Court, Appellate Term. June 1, 1906.)

SALES—BREACH OF CONTRACT—DAMAGES—RESALE.

Defendants in February, 1905, purchased of plaintiffs 200 barrels of certain flour at $5.35 per barrel, for delivery in fractional lots as requested by defendants within a reasonable time. Between March 20th and May 16th, defendants accepted 55 barrels, and in July requested

further delay. In August plaintiffs notified defendants that if they did not carry out their contract plaintiffs would dispose of the flour on defendant's account, and, receiving no response plaintiffs tendered the flour to the defendants on September 2, 1905, which defendants refused to receive, whereupon without further notice plaintiffs sold the flour on a produce exchange on September 20th for $4.20 a barrel, which was the best price obtainable. *Held,* that plaintiffs acted in good faith, with due diligence, and within a reasonable time, and that the resale fixed the measure of plaintiff's damages.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 914, 915.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Robert O. N. Ford and another against Harry Erde and another. From a Municipal Court judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

H. & J. J. Lesser, for appellants.
Henry W. Webber, for respondents.

GILDERSLEEVE, J. This is an appeal by the defendants from a judgment of the Municipal Court in favor of the plaintiffs for $159.-50, with costs, and from an order denying defendant's motion for a new trial.

The action is for a breach of contract, and the evidence presents in many instances a sharp conflict as to the facts. The proof offered by plaintiffs, which the court below was at liberty to believe, was substantially as follows, viz.: In February, 1905, the plaintiffs sold to defendants, and the defendants purchased from plaintiffs, 200 barrels of flour, of the brand "Integrity," at the agreed price of $5.35 per barrel. The barrels of flour were to be delivered to defendants in whole or in fractional lots, and at the time or times designated and requested by defendants, within a reasonable time after the making of the contract. Between March 20 and May 16, 1905, defendants ordered for delivery, and plaintiffs delivered, 55 barrels of said flour, on account of said contract. Thereafter, and in June and in July, 1905, plaintiffs reminded defendants of the 145 barrels still uncalled for, but were told by defendants that they (defendants) desired to postpone further deliveries, as the flour market had declined. Plaintiffs agreed to a further delay. In August, 1905, plaintiffs notified defendants that, if they did not carry out their contract, the plaintiffs would dispose of the flour for defendants' account to the best advantage possible. The defendants gave no response to this notice, and on September 2, 1905, the plaintiffs tendered the said 145 barrels of flour to the defendants, who refused to accept the same. Without further notice, and on September 20, 1905, plaintiffs sold said flour on the New York Produce Exchange for the best price obtainable on that day, viz., $4.20 per barrel, making a difference of $1.-10 per barrel between the contract price and the price at resale, amounting in all to $159.50.

Under the circumstances as presented by plaintiffs' evidence, we think the court was justified in finding that plaintiffs acted in good faith, with due diligence, and within a reasonable time, and that the resale

fixed the legal measure of the damages to be recovered by plaintiffs. There are no errors in the admission or exclusion of evidence of such weight as to call for a reversal.

The judgment and order appealed from are affirmed, with costs to the respondent. All concur.